# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Spara, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 27-4636613 | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State):<br>2250 Thunderstick Dr., Ste. 1203, Lexington, KY<br>ZIP CODE 40505 | Street Address of Joint Debtor (No. & Street, City, State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter)

-----
Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☐ 1-49 | ☐ 50-99 | ☒ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over-100,000 |

**Estimated Assets**

| ☒ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 Million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☒ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Spara, LLC |
|---|---|

| All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>Revstone Industries, LLC | Case Number:<br>12-____ (___) | Date Filed:<br>12/3/2012 |
| District:<br>District of Delaware | Relationship:<br>Affiliate | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))

| Voluntary Petition | Name of Debtor(s): Spara, LLC |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X /s/ Mark D. Collins
Signature of Attorney for Debtor(s)

Mark D. Collins, Esq. (No. 2981)
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
Telephone: 302/651-7700

Howard S. Beltzer, Esq.
Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820
Telephone: 212/506-2500

December 3, 2012
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ George S. Hofmeister
Signature of Authorized Individual
George S. Hofmeister
Printed Name of Authorized Individual
Chairman
Title of Authorized Individual
December 3, 2012
Date

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SPARA, LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 12-[_____] (___)<br><br>Tax I.D. No. 27-4636613 |

**CONSOLIDATED LIST OF CREDITORS
<u>HOLDING 20 LARGEST UNSECURED CLAIMS</u>**

   The following is a list of creditors holding the 20 largest unsecured claims against the above-captioned debtor and certain of its debtor affiliates (collectively, the "<u>Debtors</u>"), all of which have commenced Chapter 11 cases in this Court. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared on a consolidated basis in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' Chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority and/or amount of any such claim.

| | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|---|
| 1. | Boston Finance Group, LLC | c/o Craig Neckers<br>Smith Haughey Rice & Roegge<br>101 N. Park St., Ste. 100<br>Traverse City, MI 49684<br>ph: 231-929-4878<br>fx: 231-929-4182 | Loan | U | $33,261,028.36 |

| | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|---|
| 2. | Schoeller Arca Systems, Inc. | c/o Suann Trimmer<br>Dawda, Mann, Mulcahy, & Sadler PLC<br>39533 Woodlawn Avenue<br>Suite 200<br>Bloomfield Hills, MI 48304<br>ph: 248-642-3700<br>fx: 248-642-7791 | Trade | CUD | $10,000,000.00 |
| 3. | JMP Industries, Inc. | c/o Shusheng Wang<br>Miller, Canfield, Paddock & Stone, P.L.C.<br>840 West Long Lake Road, Suite 200<br>Troy, MI 48098<br>ph: 248-267-3353<br>fax: 248-879-2001 | Loan | CUD | $8,000,000.00 |
| 4. | Jeffrey Owens & Palm Marketing, Ltd. | c/o Jeffrey Owen<br>Email: jeffrey.owen@palmplastics.com | Trade | CUD | $3,271,623.00 |
| 5. | Dexter Foundry, Inc. | c/o Craig R. Foss<br>Foss, Kuiken & Cochran, P.C.<br>100 E. Burlington Ave.<br>First National Bank Building, Ste. 201<br>P.O. Box 30<br>Fairfield, IA 52556<br>ph: 641-472-3129<br>fx: 641-472-9423 | Loan | UD | $1,850,000.00 |
| 6. | Patrick O'Mara | c/o Scott R. Murphy<br>Barnes & Thornburg LLP<br>171 Monroe Ave. NW<br>Ste 1000<br>Grand Rapids, MI 49503<br>ph: 616-742-3930<br>fx: 616-742-3999 | Loan | CU | $1,400,000.00 |

|   | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|---|
| 7. | Thule Holdings, Inc. & Thule Towing Systems, LLC | c/o Mark Schnitzler<br>Ivey, Barnum & O'Mara, LLC<br>170 Mason Street<br>Greenwich, CT 06830<br>ph: 203-661-6000<br>fx: 203-661-9462 | Trade | UD | $1,000,000.00 |
| 8. | Kerry Capital | c/o Tom Janes<br>Two Liberty Square<br>10th Floor<br>Boston, MA 02109<br>ph: 617-723-2620<br>Email: tjanes@kerrycapital.com | Trade | U | $722,600.00 |
| 9. | Phare Capital | c/o Liz Varley Camp<br>9 West 57th Street<br>26th Floor<br>New York, NY 10019<br>ph: 212-845-9898 | Trade | U | $710,000.00 |
| 10. | SG Equipment Finance USA Corp. | c/o Kevin M. Chudler & Associates<br>26211 Central Park Blvd.<br>Suite 211<br>Southfield, MI 48076<br>ph: 248-212-8585<br>fx: 201-839-1111<br><br>&<br><br>c/o Michael Tsang<br>The Tsang Law Firm, P.C.<br>40 Wall Street<br>26th Floor<br>New York, NY 10005<br>ph: 212-227-2246<br>fx: 212-227-2265 | Trade | CUD | $593,242.00 |
| 11. | Native American Logistics Worldwide, LLC | c/o Kevin N. Summers<br>Dean & Fulkerson<br>801 W. Big Beaver Road<br>Suite 500<br>Troy, MI 48084<br>ph 248-362-1300<br>fx: 248-362-1358 | Trade | CUD | $378,073.00 |

|  | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|---|
| 12. | StormHarbour Securities LP | c/o Putney, Twombly, Hall & Hirson LLP<br>521 Fifth Avenue<br>New York, NY 10175<br>ph: 212-682-0020<br>fx: 212-682-9380 | Trade | CUD | $375,000.00 |
| 13. | Ceridian | PO Box 10989<br>Newark, NJ, 07193-0989<br>ph: 952-853-8100<br>Email: ann.c.shaw@ciridian.com | Trade | U | $367,501.46 |
| 14. | Och-Ziff Capital Management Group | c/o Justin L. Browder<br>9 West 57th Street<br>13th Floor<br>New York, NY 10019<br>ph 646-562-4569<br>fx: 646-562-4669<br>email: justin.browder@ozcap.com | Trade | U | $325,000.00 |
| 15. | Con-Way Freight Inc. | c/o Timothy Carl Aires<br>Aires Law Firm<br>180 Newport Center Drive<br>Suite 260<br>Newport Beach, CA 92660<br>ph: 949-718-2020<br>fx: 949-718-2021 | Trade | CUD | $302,133.73 |
| 16. | Lazard Freres & Co., LLC | 190 S. LaSalle Street<br>31st Floor<br>Chicago, IL, 60603<br>ph: 312-407-6600 | Trade | U | $300,000.00 |
| 17. | White & Case, LLP | c/o Dr. Axel Pajunk<br>Bockenheimer Landstr. 20<br>60323 Frankfurt am Main<br>Germany<br>ph: +49 (0) 69 29994-1609<br>fx: +49 69 29994 1444<br>Email: apajunk@whitecase.com | Professional Services | U | $288,000.00 |
| 18. | Selwyn Isakow / Hilsel | c/o Bryan D. Marcus PC<br>29488 Woodward Ave.<br>Royal Oak, MI 48073<br>ph: 248-320-1071 | Loan | U | $286,000.00 |

|  | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|---|
| 19. | Deloitte & Touche, LLP | P.O. Box 7247-6446<br>Philadelphia, PA 19170-6446<br>ph: 215-246-2300<br>fx: 215-569-2441 | Professional Services | U | $278,600.00 |
| 20. | H.I.G. Middle Market, LLC | c/o Brooks B. Gruemmer<br>McDermott, Will & Emery<br>227 West Monroe Street<br>Chicago, IL 60606<br>ph: 312-372-2000<br>fx: 312-984-7700 | Trade | CUD | $250,000.00 |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that I have read the foregoing list and it is true and correct to the best of my knowledge, information and belief.

Dated: December 3, 2012
Lexington, Kentucky

*[signature]*

Name: George S. Hofmeister
Title:   Chairman

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

SPARA, LLC,

                Debtor.

Chapter 11

Case No. 12-[_____] (___)

Tax I.D. No. 27-4636613

## CONSOLIDATED LIST OF ALL CREDITORS

     A list of the Debtor's creditors in accordance with Fed. R. Bankr. P. 1007(a)(1) has been separately transmitted to the Clerk of the Court.

     The list has been prepared on a consolidated basis from the books and records of the Debtor and certain of its subsidiaries and affiliates that also commenced Chapter 11 cases in this court (the "Debtors"). The list contains only those creditors whose names and addresses were maintained in the Debtors' databases or were otherwise readily ascertainable by the Debtors prior to the commencement of this case.

     Certain of the creditors listed may not hold outstanding claims against the Debtors as of the commencement date and, therefore, may not be creditors for purposes of these cases. By submitting the list, the Debtors in no way waive or prejudice their rights to dispute the extent, validity or enforceability of the claims, if any, held by parties identified therein.

     The information presented in the list shall not constitute an admission by, nor is it binding upon, the Debtors.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that I have read the transmitted list and it is true and correct to the best of my knowledge, information and belief.

Dated: December 3, 2012
      Lexington, Kentucky

                                                            *[signature]*
                                          Name: George S. Hofmeister
                                          Title:  Chairman

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPARA, LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 12-[_____] (___)<br><br>Tax I.D. No. 27-4636613 |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders. The list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this Chapter 11 case.

| Name and Last Known Address of Equity Interest Holder | Kind of Interest | Number of Interests Held |
|---|---|---|
| Ascalon Enterprises, LLC<br>2250 Thunderstick Dr., Ste. 1203<br>Lexington, KY 40505 | Equity | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that I have read the foregoing list and it is true and correct to the best of my knowledge, information and belief.

Dated: December 3, 2012
       Lexington, Kentucky

                                                   /s/ [signature]
                                        Name: George S. Hofmeister
                                        Title: Chairman

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPARA, LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 12-[_____] (___)<br><br>Tax I.D. No. 27-4636613 |

## STATEMENT OF CORPORATE OWNERSHIP

Following is the list of entities that own ten percent or more of the Debtor's membership interests. The list is prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this Chapter 11 case.

| Holder | Kind of Interest | Percentage of Ownership |
|---|---|---|
| Ascalon Enterprises, LLC | Equity | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that I have read the foregoing statement and it is true and correct to the best of my knowledge, information and belief.

Dated: December 3, 2012
       Lexington, Kentucky

                                                      _____
                                                      Name: George S. Hofmeister
                                                      Title:  Chairman

## CERTIFICATION OF RESOLUTIONS

WHEREAS, in the judgment of the Board of Managers and the Member (each as defined in the Operating Agreement (the "**Operating Agreement**") for Spara, LLC (the "**Company**"), effective as of August 2, 2010, originally entered into by the Megan G. Hofmeister Irrevocable Trust, the Scott R. Hofmeister Irrevocable Trust, and the Jamie S. Hofmeister Irrevocable Trust, as the members of the Company and assigned by each of them to Ascalon Enterprises, LLC (the "**Member**") on July 1, 2011), it is desirable and in the best interests of the Company to file a voluntary petition (the "**Petition**") for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and the Board of Managers and the Member wish to approve such action; it is

RESOLVED, that the Company shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (the "**Petition**") for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect the foregoing; and it be further

RESOLVED, that the sole member of the Board of Managers and the officers of the Company, as defined in the Operating Agreement (the "**Officers**," collectively with the sole member of the Board of Managers, the "**Designated Officers**"), shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company to: (a) execute and verify the Petition, as well as all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Officer); (b) execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents (including debtor in possession loan agreements) necessary or desirable in connection with the foregoing; and (c) execute and verify any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Designated Officer may approve; and it be further

RESOLVED, that the Designated Officers shall be, and each of them hereby is, authorized and empowered to retain, on behalf of the Company: (a) Mayer Brown LLP and Richards, Layton & Finger, P.A., respectively, as bankruptcy counsel to the Company; and (b) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, consultants, or brokers, in each case as in such officer's or officers' judgment may be necessary or desirable in connection with the Company's Chapter 11 case and other related matters, on such terms as such officer or officers shall approve; and it be further

RESOLVED, that the law firms of Mayer Brown LLP, Richards, Layton & Finger, P.A., and any additional special counsel selected by the Designated Officers, if any, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and debtor

in possession, in connection with any Chapter 11 case commenced by or against it under the Bankruptcy Code; and it be further

RESOLVED, that the Company, as debtor and debtor in possession, shall be, and hereby is, authorized to: (a) borrow funds from, provide guaranties to, and undertake related financing transactions, including the use of cash collateral (collectively, the "**Financing Transactions**"), with such lenders and on such terms as may be approved by any one or more of the Designated Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all, or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Designated Officers in connection with such borrowings; and it be further

RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver such agreements, certificates, instruments, guaranties, notices, and any and all other documents as the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "**Financing Documents**"); (b) execution and delivery of Financing Documents by any Designated Officer containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Designated Officers shall be conclusive evidence of the approval of such Financing Documents by the Company; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of the approval thereof by the Company; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the Designated Officers or their designees shall be, and each of them, acting alone, hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Company in connection with the implementation of these resolutions are hereby in all respects ratified, confirmed and approved.

*[signature page follows]*

IN WITNESS WHEREOF, the undersigned, being the sole member of the Board of Managers and the sole Member, have caused this certificate to be executed as of the 3rd day of December, 2012.

**SOLE MEMBER:**

ASCALON ENTERPRISES, LLC

By: _____,
Name: George S. Hofmeister
Title:   Chairman

**BOARD OF MANAGERS:**

_____
George S. Hofmeister, Manager