IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SPARA, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 12-13263 (BLS) <br><br> **Related Docket No. 33** |

### DECLARATION OF JONATHAN GOLDEN IN SUPPORT OF BOSTON FINANCE GROUP, LLC'S MOTION FOR MODIFICATION OF THE AUTOMATIC STAY OR ADEQUATE PROTECTION

I, Jonathan Golden, do hereby declare:

1. I am the General Counsel of Boston Finance Group, LLC. I make this declaration (the "Declaration") in support of Boston Finance Group, LLC's Motion For Modification Of The Automatic Stay Or Adequate Protection (the "Motion").[1] Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2. Although Lexington has continued its day-to-day operations since Spara commenced its Chapter 11 Case, Lexington confronts significant liquidity issues almost daily that threaten its ability to operate long-term. For several months, it has been unable to fully pay vendors the amounts owed as they come due, resulting in an acute inability to acquire necessary raw materials to complete customer orders.

3. Although BFG has been successful in obtaining over $1 million in funding for Lexington from its own resources and from Fifth Third, it is clear that a significantly larger infusion of cash is necessary to fund ongoing operations.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

4.  Upon information and belief, Fifth Third asserts that Lexington is indebted to Fifth Third in an amount in excess of $24 million. Lexington is in default under its obligations to Fifth Third and has no ability to seek advances from Fifth Third under its revolving facility. Nevertheless, Fifth Third has made certain protective advances to Lexington following Lexington's default in order to provide Lexington with minimal liquidity.

5.  In compliance with Rule 4001-1(c) for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the amount due to BFG from Spara is approximately $7 million. Certain of Spara's affiliates and subsidiaries are obligated to BFG for this and other amounts.

6.  In further compliance with Local Rule 4001-1(c), BFG's good faith estimate of the fair market value of BFG's collateral is less than $7 million. BFG bases its estimate on its perception of a market multiple of year to date EBITDA reflected in the Spara Report.

7.  To the best of my knowledge, the attached exhibits are true and correct copies of each of the following documents:

- Exhibit A is a true and correct copy of the Spara Loan.
- Exhibit B is a true and correct copy of the Revstone Guaranty.
- Exhibit C is a true and correct copy of the Spara Pledge Agreement.
- Exhibit D is a true and correct copy of the certificates of the Lexington Membership Interest Collateral currently in the possession of BFG.
- Exhibit E is a true and correct copy of the Warrant.
- Exhibit F is a true and correct copy of the Master Agreement.
- Exhibit G is a true and correct copy of the Judgment.
- Exhibit H is a true and correct copy of the letter notifying Spara of its exercise of certain rights and remedies under the Spara Pledge Agreement.
- Exhibit I is a true and correct copy of the notice to Spara of BFG's election to exercise its option granted under the Warrant.
- Exhibit J is a true and correct copy of the Second Lien Loan.
- Exhibit K is a true and correct copy of the Second Lien Security Agreement.
- Exhibit L is a true and correct copy of the Second Warrant.

Executed on this 10th day of January, 2013. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jonathan Golden
Jonathan Golden
General Counsel
Boston Finance Group, LLC

EAST\54625423.2