# Exhibit F

## MASTER LOAN AND SECURITY AGREEMENT

This Master Loan and Security Agreement ("Agreement") is made and entered into this _1ˢᵗ_ day of May 2010 ("Effective Date") by and among **Boston Finance Group, LLC**, a Florida limited liability company of 4912 Creekside Drive, Clearwater, Florida   33760 ("Lender"), the following (each a "Borrower," and collectively "Borrowers"):

| | |
|---|---|
| **T Cast Holdings, LLC**, a Delaware limited liability company | **U.S. Tool & Engineering, LLC**, a Delaware limited liability company |
| **Power-Tec Manufacturing, LLC**, a Delaware limited liability company | **Power-Tec Manufacturing, LLC**, a Michigan limited liability company |
| **Arrow Racing, LLC**, a Delaware limited liability company | **Arrow Racing Engines, LLC**, a Michigan limited liability company |
| **Saleen, LLC**, a Delaware limited liability company | **Metavation, LLC**, a Delaware limited liability company |

and the following (each a "Guarantor," and collectively "Guarantors"):

| | |
|---|---|
| **Revstone Industries, LLC**, a Delaware limited liability company | **Contech Castings, LLC**, a Delaware limited liability company |
| **Omega TG, LLC**, a Delaware limited liability company | **Revstone Transportation, LLC**, a Delaware limited liability company |

Borrowers, Guarantors, and Lender are collectively referred to as "Parties."

### -R   E   C   I   T   A   L   S-

A.    Borrowers obtained loans (each a "Loan Transaction") from Lender as follows:

| BORROWERS / GUARANTORS | CLOSING DATE | LOAN AMOUNT |
|---|---|---|
| Metavation, LLC | June 4, 2009 | $2,000,000.00 |
| T Cast Holdings, LLC<br><br>Revstone Industries, LLC and Contech Castings, LLC | March 3, 2010 | $4,000,000.00 |
| U.S. Tool & Engineering, LLC<br><br>Revstone Industries, LLC and Omega TG, LLC | March 26, 2010 | $4,000,000.00 |

| Power-Tec Manufacturing, LLC (DE), Power-Tec Manufacturing, LLC (MI), Arrow Racing, LLC, Arrow Racing Engines, LLC, and Saleen, LLC<br><br>Revstone Industries, LLC and Revstone Transportation , LLC | April 26, 2010 | $6,000,000.00 |
|---|---|---|

B.     In connection with the June 4, 2009 Loan Transaction, Borrower executed a Mortgage Note, Mortgage, and other ancillary documents; and, Borrower and Lender subsequently executed a Note Extension Agreement effective January 4, 2010.

C.     In connection with the March 3, 2010 Loan Transaction, Borrower executed a Loan and Security Agreement, Commercial Mortgage and Security Agreement, Mortgage Note, and other ancillary documents; and Guarantors executed a Commercial Guaranty.

D.     In connection with the March 26, 2010 Loan Transaction, Borrower executed a Loan and Security Agreement, Promissory Note, and other ancillary documents; and Guarantors executed a Commercial Guaranty.

E.     In connection with the April 26, 2010 Loan Transaction, Borrowers executed a Loan and Security Agreement, Promissory Note, Warrant and Option, and other ancillary documents; and Guarantors executed a Commercial Guaranty.

F.     All of the documents referred to in paragraphs B through E above are referred to collectively as the "Loan Documents."

G.     The Parties desire to tie together all of the Loan Documents such that a default under any of them constitutes a default under all of them; and to amend the Loan Documents as set forth below.

Therefore, in consideration of the Recitals above, and in consideration of the mutual promises, covenants, and agreements set forth below, and other consideration the receipt and adequacy of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.     *Cross-Default.* Borrowers understand and agree that if an event of default occurs, as defined and described in any of the Loan Documents, then all Borrowers shall be deemed in default under all of their respective Loan Documents ("Cross-Default").

2.     *Remedies.* In the event of a Cross-Default, Lender shall have all of the rights, powers, options, and remedies available to it (1) under any of the Loan Documents; (2) under any of the ancillary documents executed by Lender as part of the Loan Transactions; or (3) as otherwise available at law or in equity. Borrowers understand and agree that Lender shall have the right and option to sue, or initiate any other proceeding, in any state or county in any

jurisdiction where any of the Borrowers conducts business or where any of the collateral, as defined in any of the Loan Documents, is located.

3.      *Late Fee.*  With respect to any payment of principal and/or interest due to Lender pursuant to any of the Loan Documents, if any such payment of principal and/or interest due to Lender is not received by Lender on or before the tenth (10th) day after its due date, then the Borrower responsible for making the payment shall pay to Lender, immediately and without notice or demand, a late fee in an amount equal to: (a) Two Thousand Five Hundred and 00/100 Dollars ($2,500.00); and (b) if made fifteen (15) days or more after it is due, One Thousand and 00/100 Dollars ($1,000.00) per day, retroactive to the date that the payment came due.  The late fee described in this Section is not meant to impose a penalty but instead is imposed for the purpose of defraying the costs incident to the processing and handling of the delinquent payment. The provision for such late fee shall not be construed to permit any Borrower to make any payment after its due date, to obligate Lender to accept any overdue installment, or to affect Lender's rights and remedies upon the occurrence of an Event of Default as defined in any of the Loan Documents.  Further, this late fee shall be in lieu of and supersede the late fee provisions in any of the Loan Documents.

4.      *Joint and Several Liability of Guarantors.*  Each Guarantor agrees to be jointly and severally liable for any of the indebtedness created by any of the Loan Transactions.  Such joint and several liability for any indebtedness shall be direct and primary as to Lender; and, the obligations created by each Guarantor's guaranties shall be independent of the Borrowers' respective obligations or of any other Guarantor.  The liability of the Guarantors' shall survive the discharge or compromise of any of the indebtedness of the Borrowers in bankruptcy or otherwise.  Lender has no obligation to prosecute or seek to enforce any remedies against any of the Borrowers, any other Guarantor, or any other party liable to Lender on account of the indebtedness created by the Loan Transactions, or to seek to enforce or resort to any remedies with respect to any collateral granted to Lender by Borrowers or any other party on account of the indebtedness as a condition to payment or performance by Guarantors under their Guaranties or this Agreement.

5.      *Representation and Warranties.*  Borrowers represent and warrant to Lender as follows:

5.1      **Organization and Qualification.**  Each is duly formed, validly existing, and in good standing under the laws of its jurisdiction or incorporation or organization, and under the laws of each jurisdiction in which the conduct of its business or the ownership of its assets requires such qualification.

5.2      **Authority and Authorization.**  Each, including the individual signing on behalf of each entity,  has the power and authority to execute, deliver, and perform under this Agreement, and all such action has been duly and validly authorized by all necessary company or corporate action on its part.  No consent of any other party (including members or shareholders of any Borrower) and no consent, license, approval, or authorization of, or registration or declaration with, any governmental authority, bureau, or agency is required in connection with the execution, delivery, performance, validity, or enforceability of this Agreement.

5.3    **Execution and Binding Effect.** This Agreement, to which each Borrower is a party, has been duly and validly executed and delivered by each Borrower and constitutes the legal, valid, and binding obligation of each Borrower, enforceable in accordance with its terms, except as enforceability may be limited by bankruptcy, insolvency, or other similar laws of general application affecting the enforcement of creditors' rights.

6.    *No Waiver.* No failure or delay on the part of Lender in exercising any right, power, option, or remedy shall operate as a waiver of that right, power, option, or remedy. No single or partial exercise of any right, power, option, or remedy shall preclude any other or further exercise of that right, power, option, or remedy, or the exercise of any other right, power, option, or remedy. Lender's remedies are cumulative.

7.    *Amendments; Notice.* No amendment, modification, termination, or waiver of this Agreement or any provision of this Agreement (or any consent with respect to this Agreement or any provision of this Agreement), shall be effective without a prior writing signed by Lender. Any such waiver or consent shall be effective only in the instance and for the specific purpose for which given. No notice to or demand upon any Borrower shall entitle that Borrower or any other Borrower to any other or further notice or demand.

8.    *Governing Law.* This Agreement shall be governed by, construed, and enforced in accordance with the laws of the state of Michigan without regard to its or any other jurisdiction's conflict-of-laws or choice-of-law principles or rules. THE PARTIES CONSENT TO THE JURISDICTION OF THE GRAND TRAVERSE COUNTY CIRCUIT COURT OR THE FEDERAL DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, AND IRREVOCABLY AGREE THAT ANY ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT SHALL ONLY BE LITIGATED IN SUCH COURTS. EACH PARTY TO THIS AGREEMENT ACCEPTS FOR ITSELF AND IN CONNECTION WITH ITS PROPERTIES THE JURISDICTION OF THE AFORESAID COURTS, WAIVES ANY DEFENSE OF FORUM NON-CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED IN CONNECTION WITH THIS AGREEMENT.

9.    *Assignments.* Lender may assign its rights and obligations under this Agreement at any time and without the consent of any Borrower.

10.    *Severability and Release..* The invalidity, illegality, or unenforceability in any jurisdiction of any provision in or obligation under this Agreement shall not affect or impair the validity, legality, or enforceability of the remaining provisions or obligations under this Agreement or of such provision or obligation in any other jurisdiction. Should any one Borrower's indebtedness to the Lender be satisfied in whole, it shall be released from this agreement and its assets shall be held free and clear of any claim or interest of the Lender.

11.    *Waiver of Jury Trial.* THE PARTIES WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS AGREEMENT, INCLUDING

WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. THE PARTIES FURTHER WARRANT AND REPRESENT THAT EACH HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. THIS WAIVER IS IRREVOCABLE, AND THE WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THIS AGREEMENT. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

12.    *Notices.*  All notices, requests, demands, directions, declarations, and other communications required or permitted by this Agreement shall be in writing and shall, except as otherwise expressly provided, be deemed to have been duly given, made, and received when personally delivered, or one (1) day following the day when deposited with an overnight courier such as Federal Express, for delivery to the intended addressee or three (3) days following the day when deposited in the United States mails, by registered or certified mail, addressed as set forth below. Any party may alter the address to which communications or copies are to be sent by giving notice of such change of address to the other party in conformity with the provisions of this Section.

To any Borrower or Guarantor:

James O'Toole
Office of the General Counsel
Revstone Industries, LLC
2250 Thunderstick Dr., Suite 1203
Lexington, KY 40505

To Lender:

Boston Finance Group, LLC
c/o Jonathan Golden, Esq.
4912 Creekside Drive
Clearwater, FL 33760

With a copy to:

Smith Haughey Rice & Roegge
c/o Robert W. Parker, Esq.
202 E. State St.
Suite 100
Traverse City, MI 49685

13.    *Captions.*  Captions in this Agreement are included for convenience of reference only and shall not constitute a part of this Agreement for any other purpose.

14.    *Counterparts.*  This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile or e-mail transmission shall constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original agreement for all purposes. Signatures of the Parties transmitted by facsimile or e-mail shall be deemed to be their original signatures for all purposes.

The Parties, by their duly authorized agents, have executed this Agreement on the dates opposite their signatures below, effective as of the Effective Date.

Dated: May 1ˢᵗ, 2010

**BORROWERS:**

**T Cast Holdings, LLC, a Delaware limited liability company**

By: George S. Hofmeister
Its: Chairman

Dated: May 1ˢᵗ, 2010

**U.S. Tool & Engineering, LLC, a Delaware limited liability company**

By: Omega TG, LLC, a Delaware limited liability company
Its: Sole Member

    By: Revstone Industries LLC, a Delaware limited liability company
    Its: Sole Member

    By: George S. Hofmeister
    Its: Chairman

Dated: May 1ˢᵗ, 2010

**Power-Tec Manufacturing, LLC, a Delaware limited liability company**

By: George S. Hofmeister
Its: Chairman

Dated: May 1ˢᵗ, 2010

**Power-Tec Manufacturing, LLC, a Michigan limited liability company**

By: Power-Tec Manufacturing, LLC, a Delaware limited liability company
Its: Sole Member

    By: George S. Hofmeister
    Its: Chairman

Dated: May 1ˢᵗ, 2010

**Arrow Racing, LLC, a Delaware limited liability company**

By: George S. Hofmeister
Its: Chairman

Dated: May 1ˢᵗ, 2010

Arrow Racing Engines, LLC, a Michigan limited liability company

By:  Arrow Racing, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: May 1ˢᵗ, 2010

Saleen, LLC, a Delaware limited liability company

By:  George S. Hofmeister
Its:  Chairman

Dated: May 1ˢᵗ, 2010

Metavation, LLC, a Delaware limited liability company

By:  George S. Hofmeister
Its:  Chairman

Dated: May 1ˢᵗ, 2010

GUARANTORS:

Revstone Industries, LLC, a Delaware limited liability company

By:  George S. Hofmeister
Its:  Chairman

Dated: May 1ˢᵗ, 2010

Contech Castings, LLC, a Delaware limited liability company

By:  David W. Jaeger
Its:  President

Dated: May 1ˢᵗ, 2010

Omega TG, LLC, a Delaware limited liability company

By:  Revstone Industries LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: May _____, 2010

Arrow Racing Engines, LLC, a Michigan limited liability company

By: Arrow Racing, LLC, a Delaware limited liability company
Its: Sole Member

By: George S. Hofmeister
Its: Chairman

Dated: May _____, 2010

Saleen, LLC, a Delaware limited liability company

By: George S. Hofmeister
Its: Chairman

Dated: May _____, 2010

Metavation, LLC, a Delaware limited liability company

By: George S. Hofmeister
Its: Chairman

Dated: May _____, 2010

GUARANTORS:

Revstone Industries, LLC, a Delaware limited liability company

By: George S. Hofmeister
Its: Chairman

Dated: May _____, 2010

Contech Castings, LLC, a Delaware limited liability company

By: David W. Jaeger
Its: President

Dated: May _____, 2010

Omega TG, LLC, a Delaware limited liability company

By: Revstone Industries LLC, a Delaware limited liability company
Its: Sole Member

By: George S. Hofmeister
Its: Chairman

Dated: May 1st, 2010

Revstone Transportation, LLC, a Delaware limited
liability company

By: George Hofmeister
Its: Chairman

Dated: May 1st, 2010

**LENDER:**

Boston Finance Group, LLC, a Florida limited
liability company

By:
Its: Managing Member

**FIRST AMENDMENT**
**TO**
**MASTER LOAN AND SECURITY AGREEMENT**

Effective this ___12___ day of July 2010 ("Effective Date"), this First Amendment ("Amendment") amends the Master Loan and Security Agreement ("Agreement") dated May 1, 2010 among Boston Finance Group, LLC, a Florida limited liability company, as Lender, and the Borrowers identified in the Agreement.

Pursuant to Paragraph 7 of the Agreement, this Amendment modifies and changes the Agreement by amending Paragraph 4 of the Agreement to read as follows:

    4.    *Liability of Guarantors.*

        (a)    Except as provided in subparagraph (b) below, each Guarantor agrees to be jointly and severally liable for any of the indebtedness created by any of the Loan Transactions.

        (b)    Revstone Transportation, LLC shall only be liable for the indebtedness created by the April 26, 2010 Loan Transaction, as identified in the Recitals of this Agreement. Contech Castings, LLC shall only be liable for the indebtedness created by the March 3, 2010 Loan Transaction, as identified in the Recitals of this Agreement.

        Each Guarantor's liability for any indebtedness shall be direct and primary as to Lender; and, the obligations created by each Guarantor's guaranties shall be independent of the Borrowers' respective obligations or of any other Guarantor. The liability of the Guarantors' shall survive the discharge or compromise of any of the indebtedness of the Borrowers in bankruptcy or otherwise. Lender has no obligation to prosecute or seek to enforce any remedies against any of the Borrowers, any other Guarantor, or any other party liable to Lender on account of the indebtedness created by the Loan Transactions, or to seek to enforce or resort to any remedies with respect to any collateral granted to Lender by Borrowers or any other party on account of the indebtedness as a condition to payment or performance by Guarantors under their Guaranties or this Agreement.

The remainder of the Agreement shall remain in full force and effect without any change.

The exchange of copies of this Amendment by facsimile or electronic transmission shall constitute effective execution and delivery as to the parties to the Agreement and may be used in lieu of the original amendment for all purposes.

The Lender, by its duly authorized agent, has executed this Amendment on the date opposite its signature below, effective as of the Effective Date.

Dated: July 12, 2010

**LENDER:**

**Boston Finance Group, LLC, a Florida limited liability company**

By:

Its:  Managing Member

SHRR 1740334v1

SECOND AMENDMENT

TO

MASTER LOAN AND SECURITY AGREEMENT


Effective this 30th day of September, 2010 ("Effective Date"), this Second Amendment to Master Loan and Security Agreement ("2nd Amendment") amends the Master Loan and Security Agreement ("Agreement") dated May 1, 2010 among Boston Finance Group, LLC, a Florida limited liability company, as Lender, and the Borrowers identified in the Agreement, as amended by that First Amendment to the Master Loan and Security Agreement dated July 12, 2010 ("1st Amendment").

Pursuant to Paragraph 7 of the Agreement, this 2nd Amendment modifies and changes the Agreement by amending Paragraph A of the Recitals of the Agreement to read as follows:

A.    Borrowers obtained loans (each a "Loan Transaction") from Lender as follows:

| BORROWERS/GUARANTORS | CLOSING DATE | LOAN AMOUNT |
|---|---|---|
| T Cast Holdings, LLC<br><br>Revstone Industries, LLC and Contech Castings, LLC | March 3, 2010 | $4,000,000.00 |
| U.S. Tool & Engineering, LLC<br><br>Revstone Industries, LLC and Omega TG, LLC | March 26, 2010 | $4,000,000.00 |
| Power-Tec Manufacturing, LLC (DE, Power-Tec Manufacturing, LLC (MI), Arrow Racing, LLC, Arrow Racing Engines, LLC, and Saleen, LLC<br><br>Revstone Industries, LLC and Revstone Transportation, LLC | April 26, 2010 | $6,000,000.00 |
| Contech Forgings LLC<br><br>Revstone Industries LLC Omega TG, LLC | September 30, 2010 | $4,000,000.00 |

Such change shall serve to modify the defined terms "Borrowers", "Guarantors", "Loan Transaction", "Loan Documents" and any and all obligations including, inter alia, Cross-Default and Guaranty Obligations.

The remainder of the Agreement shall remain in full force and effect without any change.

The exchange of copies of this 2nd Amendment by facsimile or electronic transmission shall constitute effective execution and delivery as to the parties to the Agreement and may be used in lieu of the original amendment for all purposes.

The Lender, by its duly authorized agent, has executed this 2nd Amendment on the date opposite its signature below, effective as of the Effective Date.

Dated: September 30, 2010          **LENDER:**

**Boston Finance Group, LLC, a Florida limited liability company**

By: _____

Name: Leo Govoni

Its:              Managing Member

**BORROWERS:**

Dated: _September 30_, 2010

**T Cast Holdings, LLC, a Delaware limited liability company**

By: _[signature]_

George S. Hofmeister

Its:    Chairman

Dated: _September 30_, 2010

**U.S. Tool & Engineering, LLC, a Delaware limited liability company**

By:    Omega TG, LLC, a Delaware limited liability company

Its:    Sole Member

    By:    Revstone Industries, LLC, a Delaware limited liability company

    Its:    Sole Member

        By: _[signature]_

        George S. Hofmeister

        Its:    Chairman

Dated _September 30_, 2010

**Power-Tec Manufacturing, LLC, a Delaware limited liability company**

By: _[signature]_

George S. Hofmeister

Its:    Chairman

Dated _September 30_, 2010

**Power-Tec Manufacturing, LLC, a Michigan limited liability company**

By:    Power-Tec Manufacturing, LLC, a Delaware limited liability company

Its:    Sole Member

    By: _[signature]_

    George S. Hofmeister

    Its:    Chairman

Dated _September 30_, 2010

**Arrow Racing, LLC, a Delaware limited**

**GUARANTORS:**

Dated _September 30_, 2010

Revstone Industries, LLC, a Delaware
limited liability company

By: _____
      George S. Hofmeister
Its:   Chairman

Dated _September 30_, 2010

Contech Castings, LLC, a Delaware limited
liability company

By: _____
      George Hofmeister
Its:   Chairman

Dated _September 30_, 2010

Omega TG, LLC, a Delaware limited
liability company

By:   Revstone Industries, LLC, a Delaware
      limited liability company
Its:   Sole Member

    By: _____
        George S. Hofmeister
    Its:   Chairman

Dated _September 30_, 2010

Revstone Transportation, LLC, a Delaware
limited liability company

By: _____
      George S. Hofmeister
Its:   Chairman

liability company

By: _____
      George S. Hofmeister
Its:    Chairman

Dated _____, 2010    **Arrow Racing Engines, LLC, a Michigan limited liability company**

By:    Arrow Racing, LLC, a Delaware
        limited liability company
Its:    Sole Member

By: _____
      George S. Hofmeister
Its:    Chairman

Dated _____, 2010    **Saleen, LLC, a Delaware limited liability company**

By: _____
      George S. Hofmeister
Its:    Chairman

~#4812-8161-6903 v.1~

THIRD AMENDMENT

TO

MASTER LOAN AND SECURITY AGREEMENT

Effective this 18th day of November 2010, this Third Amendment to Master Loan and Security Agreement ("3rd Amendment") amends the Master Loan and Security Agreement ("Agreement") dated May 1, 2010 (as amended), by and among Boston Finance Group, LLC, a Florida limited liability company, as Lender, and the Borrowers identified in the Agreement, as amended.

Pursuant to paragraph 7 of the Agreement, this 3rd Amendment modifies and changes the Agreement, as amended, by amending paragraph A of the Recitals of the Agreement to include the following additional Loan Transaction (as defined in the Agreement):

| BORROWERS / GUARANTORS | CLOSING DATE | LOAN AMOUNT |
|---|---|---|
| Revstone Industries LLC | November 18, 2010 | $3,000,000.00 |

Such change shall serve to modify the defined terms "Borrowers," "Guarantors," "Loan Transaction," "Loan Documents," and any and all obligations including, *inter alia*, Cross-Default and Guaranty Obligations.

The remainder of the Agreement, as amended, shall remain in full force and effect without any change.

The exchange of copies of this 3rd Amendment by fax or e-mail transmission shall constitute effective execution and delivery as to the parties to the Agreement and may be used in lieu of the original document for all purposes.

Lender, by its duly authorized agent, has executed this 3rd Amendment on the date opposite its signature below, effective as of the Effective Date.

Dated: November 18, 2010          **LENDER:**

**Boston Finance Group, LLC, a Florida limited liability company**

By:  Jonathan Golden
Its:  General Counsel

*[Acknowledgments of the Borrowers and Guarantors appear on the next page.]*

**ACKNOWLEDGED BY:**

Dated:  November 18, 2010

**BORROWERS:**

**U.S. Tool & Engineering, LLC, a Delaware limited liability company**

By:  Omega TG, LLC, a Delaware limited
liability company
Its:  Sole Member

    By:  Revstone Industries LLC, a Delaware
    limited liability company
    Its:  Sole Member

    By:  George S. Hofmeister
    Its:  Chairman

Dated:  November 18, 2010

**Power-Tec Manufacturing, LLC, a
Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  November 18, 2010

**Power-Tec Manufacturing, LLC, a
Michigan limited liability company**

By:  Power-Tec Manufacturing, LLC, a
Delaware limited liability company
Its:  Sole Member

    By:  George S. Hofmeister
    Its:  Chairman

Dated:  November 18, 2010

**Arrow Racing, LLC, a Delaware limited
liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  November 18, 2010

**Arrow Racing Engines, LLC, a Michigan limited liability company**

By:  Arrow Racing, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated:  November 18, 2010

**Revstone Industries, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  November 18, 2010

**GUARANTORS:**

**Revstone Industries, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  November 18, 2010

**Omega TG, LLC, a Delaware limited liability company**

By:  Revstone Industries LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

SHRR 1813454v2

FOURTH AMENDMENT

TO

MASTER LOAN AND SECURITY AGREEMENT

This Fourth Amendment to Master Loan and Security Agreement ("**4th Amendment**") further amends the Master Loan and Security Agreement ("Agreement") dated May 1, 2010 (as amended), by and among Boston Finance Group, LLC, a Florida limited liability company, as Lender, and the Borrowers and Guarantors identified in the Agreement, as amended.

1.    Pursuant to paragraph 7 of the Agreement, and effective **December 20, 2010**, this 4th Amendment modifies and changes the Agreement, as amended, to reflect a name change by Guarantor Omega TG, LLC from "Omega TG, LLC," to "**Revstone Tool & Engineering, LLC.**"

2.    Pursuant to paragraph 7 of the Agreement, and effective **January 24, 2011**, this 4th Amendment also modifies and changes the Agreement, as amended, by amending paragraph 3 of the Agreement to read as follows:

> 3.    *Late Fee.*  With respect to any payment of principal and/or interest due to Lender pursuant to any of the Loan Documents, if any such payment of principal and/or interest due to Lender is not received by Lender on or before the seventh (7th) day after its due date, then the Borrower responsible for making the payment shall pay to Lender, immediately and without notice or demand, a late fee in an amount equal to One Thousand and 00/100 Dollars ($1,000.00) per day, retroactive to the date that the payment came due.  The late fee described in this paragraph is not meant to impose a penalty but instead is imposed for the purpose of defraying the costs incident to the processing and handling of the delinquent payment.  The provision for such late fee shall not be construed to permit any Borrower to make any payment after its due date, to obligate Lender to accept any overdue installment, or to affect Lender's rights and remedies upon the occurrence of an Event of Default as defined in any of the Loan Documents.  Further, this late fee shall be in lieu of and supersede the late fee provisions in any of the Loan Documents.

3.    The remainder of the Agreement, as amended, shall remain in full force and effect without any change.

4.    The exchange of copies of this 4th Amendment by fax or e-mail transmission shall constitute effective execution and delivery as to the parties to the Agreement and may be used in lieu of the original document for all purposes.  Copies of the parties' signatures shall be deemed originals for all purposes.

Lender, by its duly authorized agent, has executed this 4th Amendment on the date opposite its signature below, effective as of the Effective Date.

Dated: January 24, 2011

**LENDER:**

**Boston Finance Group, LLC, a Florida limited liability company**

By: Jonathan Golden
Its:  General Counsel

*[Acknowledgments of the Borrowers and Guarantors begin on the next page.]*

**ACKNOWLEDGED BY:**

**BORROWERS:**

Dated: January 2‑4 , 2011

**U.S. Tool & Engineering, LLC, a Delaware limited liability company**

By:  Revstone Tool & Engineering, LLC (f/k/a Omega TG, LLC) a Delaware limited liability company
Its:  Sole Member

By:  Revstone Industries LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: January 2‑4, 2011

**Power-Tec Manufacturing, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated: January 2‑4, 2011

**Power-Tec Manufacturing, LLC, a Michigan limited liability company**

By:  Power-Tec Manufacturing, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: January 2‑4, 2011

**Arrow Racing, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated: January 24, 2011

**Arrow Racing Engines, LLC, a Michigan limited liability company**

By:  Arrow Racing, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: January 24, 2011

**Revstone Industries, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated: January 24, 2011

**GUARANTORS:**

**Revstone Industries, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated: January 24, 2011

**Revstone Tool & Engineering, LLC (f/k/a Omega TG, LLC), a Delaware limited liability company**

By:  Revstone Industries LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

FIFTH AMENDMENT

TO

MASTER LOAN AND SECURITY AGREEMENT

This Fifth Amendment to Master Loan and Security Agreement ("**5th Amendment**") further amends the Master Loan and Security Agreement ("**Agreement**") dated May 1, 2010 (as amended), by and among **Boston Finance Group, LLC**, a Florida limited liability company, as Lender, and the Borrowers and Guarantors identified in the Agreement, as amended.

1.       Pursuant to paragraph 7 of the Agreement, and effective **June 21, 2011**, this 5th Amendment modifies and changes the Agreement, as amended, by amending paragraph A of the Recitals of the Agreement to include the following additional Loan Transaction (as defined in the Agreement):

| BORROWERS / GUARANTORS | CLOSING DATE | LOAN AMOUNT |
|---|---|---|
| Spara, LLC<br><br>Revstone Industries LLC | June 21, 2011 | $6,000,000.00 |

2.       Such change shall serve to modify the defined terms "Borrowers," "Guarantors," "Loan Transaction," "Loan Documents," and any and all obligations including, *inter alia*, Cross-Default and Guaranty Obligations.

3.       The remainder of the Agreement, as amended, shall remain in full force and effect without any change.

4.       The exchange of copies of this 5th Amendment by fax or electronic transmission shall constitute effective execution and delivery as to the parties to the Agreement and may be used in lieu of the original document for all purposes.  Copies of the parties' signatures shall be deemed originals for all purposes.

*[Signatures of the parties start on the next page.]*

Lender, by its duly authorized agent, has executed this 5th Amendment on the date opposite its signature below, effective as of the Effective Date.

Dated:  June 21, 2011

LENDER:

Boston Finance Group, LLC, a Florida limited liability company

By:  Jonathan Golden
Its:  Authorized Agent

*[Acknowledgments of the Borrowers and Guarantors begin on the next page.]*

ACKNOWLEDGED BY:

**BORROWERS:**

Dated:  June 21, 2011

**U.S. Tool & Engineering, LLC, a Delaware limited liability company**

By:  Revstone Tool & Engineering, LLC (f/k/a Omega TG, LLC) a Delaware limited liability company
Its:  Sole Member

    By:  Revstone Industries LLC, a Delaware limited liability company
    Its:  Sole Member

    By:  George S. Hofmeister
    Its:  Chairman

Dated:  June 21, 2011

**Power-Tec Manufacturing, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  June 21, 2011

**Power-Tec Manufacturing, LLC, a Michigan limited liability company**

By:  Power-Tec Manufacturing, LLC, a Delaware limited liability company
Its:  Sole Member

    By:  George S. Hofmeister
    Its:  Chairman

Dated:  June 21, 2011

**Arrow Racing, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  June 21, 2011

**Arrow Racing Engines, LLC, a Michigan limited liability company**

By:  Arrow Racing, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated:  June 21, 2011

**Revstone Industries LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  June 21, 2011

**GUARANTORS:**

**Revstone Industries LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chairman

Dated:  June 21, 2011

**Revstone Tool & Engineering, LLC (f/k/a Omega TG, LLC), a Delaware limited liability company**

By:  Revstone Industries LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

SIXTH AMENDMENT

TO

MASTER LOAN AND SECURITY AGREEMENT

Effective this 22nd day of July 2011 ("**Effective Date**"), this Sixth Amendment to Master Loan and Security Agreement ("**6th Amendment**") amends the Master Loan and Security Agreement ("**Agreement**") dated May 1, 2010 (as amended), by and among **Boston Finance Group, LLC**, a Florida limited liability company, as Lender, and the Borrowers identified in the Agreement, as amended.

Pursuant to paragraph 7 of the Agreement, this 6th Amendment modifies and changes the Agreement, as amended, by amending paragraph A of the Recitals of the Agreement to remove the following Borrowers from the April 26, 2011 Loan Transaction (as defined in the Agreement): **Arrow Racing, LLC**, a Delaware limited liability company; and **Arrow Racing Engines, LLC**, a Michigan limited liability company.

Such change shall serve to modify the defined terms "Borrowers," "Loan Transaction," "Loan Documents," and any and all obligations including, among others, Cross-Default.

The remainder of the Agreement, as amended, shall remain in full force and effect without any change.

The exchange of copies of this 6th Amendment by fax or e-mail transmission shall constitute effective execution and delivery as to the parties to the Agreement and may be used in lieu of the original document for all purposes.

Lender, by its duly authorized agent, has executed this 6th Amendment on the date opposite its signature below, effective as of the Effective Date.

Dated: July 22, 2011                        **LENDER:**

                                            **Boston Finance Group, LLC, a Florida limited liability company**

                                            By: JONATHAN GOLDEN
                                            Its: GENERAL COUNSEL

*[Acknowledgments of Borrowers and Guarantors appear on the next page.]*

**ACKNOWLEDGED BY:**

Dated: July ___, 2011

**BORROWERS:**

**U.S. Tool & Engineering, LLC, a Delaware limited liability company**

By:  Revstone Tool & Engineering, LLC, a
Delaware limited liability company
Its:  Sole Member

    By:  Revstone Industries LLC, a Delaware
    limited liability company
    Its:  Sole Member

    By:  George S. Hofmeister
    Its:  Chairman

Dated: July ___, 2011

**T Cast Holdings, LLC, a Delaware limited liability company**

By:  Spara, LLC, a Delaware limited liability
company
Its:  Sole Member

    By:  George S. Hofmeister
    Its:  Chairman

Dated: July ___, 2011

**Power-Tec Manufacturing, LLC, a Michigan limited liability company**

By:  Power-Tec Manufacturing, LLC, a
Delaware limited liability company
Its:  Sole Member

    By:  Spara, LLC, a Delaware limited
    liability company
    Its:  Sole Member

    By:  George S. Hofmeister
    Its:  Chairman

Dated: July ___, 2011

**Power-Tec Manufacturing, LLC, a Delaware limited liability company**

By:  Spara, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: July ___, 2011

**Arrow Racing, LLC, a Delaware limited liability company**

By:  Spara, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: July ___, 2011

**Arrow Racing Engines, LLC, a Michigan limited liability company**

By:  Arrow Racing, LLC, a Delaware limited liability company
Its:  Sole Member

By:  Spara, LLC, a Delaware limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

Dated: July ___, 2011

**Revstone Industries, LLC, a Delaware limited liability company**

By:  George S. Hofmeister
Its:  Chariman

Dated: July ___, 2011

**Spara, LLC, a Delaware limited liability company**

By: George S. Hofmeister
Its: Chairman

Dated: July ___, 2011

**GUARANTORS:**

**Revstone Industries, LLC, a Delaware limited liability company**

By: George S. Hofmeister
Its: Chairman

Dated: July ___, 2011

**Revstone Tool & Engineering, LLC, a Delaware limited liability company**

By: Revstone Industries LLC, a Delaware limited liability company
Its: Sole Member

By: George S. Hofmeister
Its: Chairman

Dated: July ___, 2011

**Revstone Transportation, LLC, a Delaware limited liability company**

By: Revstone Industries, LLC, a Delaware limited liability company
Its: Sole Member

By: George S. Hofmeister
Its: Chairman

Dated: July ___, 2011

**Contech Castings, LLC, a Delaware limited liability company**

By:  Revstone Transportation, LLC, a
Delaware limited liability company
Its:  Sole Member

By:  Revstone Industries, LLC, a Delaware
limited liability company
Its:  Sole Member

By:  George S. Hofmeister
Its:  Chairman

SHRR 1966035v1