# Exhibit J

## PROMISSORY NOTE

$750,000  
                                                                                    **Traverse City, Michigan**  
                                                                                    **November 17, 2012**

For value received on November 17, 2012 (*Effective Date*), **Lexington Logistics, LLC**, a Delaware limited liability company located at N7660 Industrial Road, Portage, Wisconsin 53901, f/k/a Spara Logistics, LLC (*Borrower*), promises to pay to the order of **Boston Finance Group, LLC**, a Florida limited liability company of 4912 Creekside Drive, Clearwater, Florida 33760, together with its successors and assigns (*Lender*), the principal sum of Five Hundred Thousand U.S. Dollars ($750,000), together with interest on the unpaid principal balance of this Promissory Note (*Note*), as provided below.

   1.   *Payments*.  Borrower shall repay the principal balance of this Note upon demand and in no event later than the anniversary of the Effective Date of this Note. Borrower shall deliver payments pursuant to this Note to Lender at the office identified above, or such other place as Lender may designate, in the following manner:

      a.   On the Effective Date of this Note, all interest on the outstanding principal balance in the amount of one hundred twelve thousand and five dollars and zero cents ($112,500.00).

      b.   If not sooner paid or declared due and payable by Lender, on November 16, 2013 (*Maturity*), the then-outstanding principal balance and any other fees, expenses, or other sums provided for in this Note shall be due and payable in full.

   2.   *Interest*.  Borrower shall pay all interest on the outstanding balance of this Note at the time of funding, calculated at a fixed rate of fifteen percent (15%) per annum, and based on a 365-day year (*Interest Rate*), payable as described above. Borrower shall not be obligated to pay, and Lender shall not collect, interest at a rate in excess of the maximum permitted by law or at a rate that will subject Lender to any civil or criminal penalties (*Maximum Rate*). If Borrower is required to pay interest at a rate in excess of the Maximum Rate, the rate of interest shall immediately and automatically be reduced to the Maximum Rate, and any payment made in excess of the Maximum Rate, together with interest thereon at the rate provided for in this Note from the date of such payment, shall be immediately and automatically applied to the reduction of the unpaid principal balance of this Note as of the date on which the excess payment was made. If the amount to be applied to reduce the unpaid principal balance exceeds the unpaid principal balance, the amount of such excess shall be refunded by Lender to Borrower.

   3.   *Late Fee*.  If any payment of principal due to Lender is not received by Lender upon demand (or upon Maturity), then Borrower shall pay to Lender, immediately and without notice or demand, a late fee in an amount equal to One Thousand U.S. Dollars ($1,000.00) per day, retroactive to the date that the payment was due. The late fee described in this paragraph is not meant to impose a penalty, but instead is imposed for the purpose of defraying the costs incident to the processing and handling of the delinquent payment. The provision for such late

fee shall not be construed to permit Borrower to make any payment after its due date, to obligate Lender to accept any overdue payment, or to affect Lender's rights and remedies.

4. *Application of Payments.* Lender shall have the right, in Lender's sole discretion, to apply any payments received to principal, late fees, or other fees or charges due pursuant to this Note.

5. *Other Obligations.* Borrower and Lender have entered into a Security Agreement dated November 17, 2012 (*Security Agreement*) and Second Warrant and Option *(Warrant)*, which Borrower and Lender incorporate in and make a part of this Note. All of the agreements, promises, conditions, covenants, provisions, and stipulations contained in the Security Agreement and Warrant, which are to be kept and performed by Borrower and its affiliates, are incorporated in and made a part of this Note to the same extent and with the same force and effect as if they were fully set forth in this Note, and Borrower covenants and agrees to keep and perform them, or cause them to be kept and performed, strictly in accordance with their terms. This Note, the Security Agreement and Warrant are collectively referred to as the *Loan Documents.*

6. *Remedies.* Lender shall be entitled to exercise all rights conferred upon it in this Note and/or the Loan Documents, and all remedies available under those documents, at law, or in equity. Lender's rights and remedies shall be cumulative and concurrent, and may be pursued singly, successively, or together at the sole discretion of Lender, and may be exercised as often as occasion therefor shall occur; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release of the same. Borrower and every person and entity at any time liable for the payment of the debt evidenced by this Note (including, without limitation, guarantors under any guaranty whether now in existence or created in the future) expressly authorize Lender to immediately apply to the payment of this Note any sum of money or other property belonging to Borrower or to such person or entity deposited or otherwise in the hands of Lender; provided, however, that neither this authority, nor the fact that it may not be exercised, shall alter or modify in any manner the obligation incurred in this Note.

7. *Waivers.* Borrower, for itself and its officers, managers, members, successors, and assigns, and every person and entity at any time liable for the indebtedness under this Note, or any part of this Note (including, without limitation, guarantors under any guaranty now given or in the future given), expressly waives presentment for payment, demand, notice of demand, protest, notice of nonpayment or dishonor, notice of maturity, notice of protest, presentment for the purpose of accelerating maturity, diligence in collection, marshalling rights, subrogation rights, all procedural errors, defects, and imperfections, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this Note, as well as any exemptions under the homestead exemption law or under any other exemption or insolvency laws. Borrower agrees that Lender may release, exchange, or substitute any real estate, personal property, and/or other collateral security now held, or which may hereafter be held as security for the payment of this Note, and Lender may extend the time for payment or otherwise modify the terms of payment of any part or the whole of the debt evidenced by this Note. Borrower waives all benefit that might accrue to Borrower by virtue of any present or future laws exempting any property, real or personal, or any part of the proceeds arising from any sale of any such property, from attachment, levy, or sale under execution, providing for any

stay of execution, exemption from civil process, or extension of time, and agrees that such property may be sold to satisfy any judgment entered on this Note or the other Loan Documents, in whole or in part and in any order as may be desired by Lender.

8. *Liability Unaffected.* Borrower agrees its liability shall be unconditional, without regard to the liability of any other party, and shall not be affected in any manner by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Lender, and consents to any and all extensions of time, renewals, waivers, or modifications that may be granted by Lender with respect to the payment or other provisions of this Note, and to the release of any part of any collateral, with or without substitution, and agrees that additional makers, endorsers, guarantors, or sureties may become parties to this Note without notice to Borrower or affecting its liability under this Note.

9. *Governing Law; Jurisdiction.* This Note is delivered and accepted in the state of Michigan and shall be governed and construed in accordance with its laws, except to the extent that those laws may be preempted by the laws of the United States of America, and any judgment entered on this Note should be given full faith and credit in any state in which Lender may seek to enforce such judgment. BORROWER AND LENDER CONSENT TO THE JURISDICTION OF THE STATE AND FEDERAL DISTRICT COURTS OF WISCONSIN FOR ANY PROCEEDING IN CONNECTION WITH THIS NOTE, AND WAIVE OBJECTIONS AS TO VENUE AND CONVENIENCE OF FORUM. IN ANY ACTION OR SUIT UNDER THIS NOTE, SERVICE OF PROCESS MAY BE MADE UPON LENDER OR ANY BORROWER BY MAILING A COPY OF THE PROCESS BY FIRST-CLASS MAIL TO THE RECIPIENT IN THE MANNER PROVIDED IN THE AGREEMENT. LENDER AND BORROWER WAIVE ANY AND ALL OBJECTIONS TO SUFFICIENCY OF SERVICE OF PROCESS IF DULY SERVED IN THIS MANNER.

10. *Waiver of Jury Trial.* BORROWER AND LENDER, AS AN INDEPENDENT COVENANT, MUTUALLY WAIVE AND AGREE TO WAIVE THE RIGHT, IF ANY, TO A JURY TRIAL IN CONNECTION WITH ANY ACTION, SUIT, OR OTHER PROCEEDING WITH RESPECT TO THIS NOTE OR WITH RESPECT TO ANY TRANSACTION RELATED TO THIS NOTE.

11. *Severability.* If any term or provision of this Note, or the application of this Note to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Note, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable shall not be affected, and each term and provision of this Note shall be valid and be enforced to the fullest extent permitted by law.

12. *Time of Essence.* For purposes of this Note, time shall be of the essence.

13. *Amendment.* This Note may not be amended except by a writing signed by Borrower and Lender.

14. *Binding Effect.* This Note shall be binding upon Borrower, its successors and assigns (which shall include, without limitation, all subsequent owners of any interest in Borrower) and shall inure to the benefit of Lender, its successors, and assigns.

15. **Construction.** The terms of this Note have been negotiated by the parties and, thus, shall not be construed against the party originally drafting this or any other document.

16. **Headings.** The paragraph headings are for convenience only and shall not constitute a part of this Note, nor shall they in any way affect the meaning, interpretation, or construction of the provisions of this Note.

17. **Business Purpose.** This Note is given in a commercial transaction, and Borrower represents and warrants to Lender that the proceeds of the loan evidenced by this Note shall be used solely for business purposes.

Borrower, by its duly authorized agent, has executed this Note on the date opposite its signature below, effective as of the Effective Date.

Dated: November 17, 2012

**BORROWER:**

Lexington Logistics, LLC, a Delaware limited liability company (f/k/a Spara Logistics, LLC)

By: John Fernando
Its: President