# Exhibit L

# SECOND

# WARRANT AND OPTION

This Second Warrant and Option ("**Option**") is made as of November 17, 2012 ("**Effective Date**"), by and among **Lexington Logistics, LLC, f/k/a Spara Logistics** a Delaware limited liability company, (the "**Grantor**"), and **Boston Finance Group, LLC**, a Florida limited liability company ("**Boston**") (collectively, "**Parties**").

R  E  C  I  T  A  L  S

A. Previously, on June 21, 2011, Boston and Spara, LLC, the parent of Grantor, executed a Promissory Note, and other related documents and Boston loaned to Spara, LLC Six Million Dollars ($6,000,000) for the purpose of capitalizing Spara Logistics, LLC, [n/k/a Lexington Logistics LLC] which in turn acquired certain capital assets which had been held by Fifth Third Bank ("**Transaction**").

B. As part of the Transaction Grantor provided Boston with a right to acquire up to a 10% interest in Grantor pursuant to the terms of a Warrant and Option Agreement entered into on June 21, 2011.

C. Since the date of the Transaction Spara LLC has defaulted in its obligations to Boston and Boston has assumed, pursuant to the Pledge Agreement between Spara and Boston, Spara's voting rights in Grantor.

D. Grantor is close to insolvency and requires a significant infusion of cash in order to meet its day to day obligations and to avoid a default with its other secured lenders.

E. Boston has agreed to provide Grantor with additional loan amounts and Grantor has agreed to provide Boston with the option to purchase an additional twelve and one-half percent (12.5%) interest in Grantor upon the occurrence of certain events or circumstances described in this Option.

Therefore, in consideration of the mutual covenants, promises, and agreements set forth in this Option, the Parties agree as follows:

1. ***Stock Transfer Restriction***. Grantor agrees not to transfer, any of its membership interest without the prior, written consent of Boston. This restriction applies to any disposition or encumbrance, whether voluntary, involuntary, or by operation of law. Additionally, Grantor agrees not to cause the issuance of any additional Grantor membership interests without the prior, written consent of Boston. Any transfer or issuance in violation of this Section is null and void. Any membership interest transferred or issued with Boston's consent shall be held by the transferee subject to the provisions of this Option. Grantor consents to amendments to its Articles of Organization and/or Operating Agreements setting forth these restrictions.

2. ***Option***. In consideration of the commitment by Boston to loan additional amounts to Grantor, Grantor grants to Boston the option to purchase a twelve and one-half percent (12.5%) interest in Grantor at any time before the 7th anniversary of this Agreement.

3. *Exercise of Option.* Boston shall notify Grantor in writing of the exercise of the option. The closing shall take place within 30 days of Boston's notice. If Boston fails to exercise its option to purchase on or before the 7th anniversary of the date of this Agreement, Boston's option shall terminate and cease, time being of the essence.

4. *Exercise Price.* The Parties agree that the purchase price for the membership interest purchased pursuant to this Option shall be $100,000.00, provided, however, in the event the Grantor obtains a valuation opinion from an independent third party bank or other qualified valuation agent (the "Appraiser") that the value of a 12.5% ownership interest in the Grantor as of November 16, 2012 is greater or less than $100,000.00, the purchase price for the membership interest shall be 90% of the value of such 12.5% ownership interest, as determined by the Appraiser.

5. *Amendment.* This Option shall not be modified or amended except by means of a writing signed by the Parties.

6. *Termination.* This Agreement may be terminated upon the written agreement of the Parties.

7. *Governing Law.* This Agreement shall be governed by, construed, and enforced in accordance with and pursuant to the laws of the state of Florida, without regarding to its or any other jurisdiction's conflict-of-law or choice-of-law principles or rules.

8. *Legend.* An appropriate reference to this Option shall be included on all of Grantor's certificates of membership interest, if any.

9. *Specific Performance.* Grantor expressly consents to the enforcement of this Option by specific performance.

10. *Assignment; Binding Effect.* Boston may assign its rights and obligations under this Option at any time without prior notice to or consent of Grantor. This Option is binding upon the successors and assigns of Grantor. The obligations of Grantor with respect to the option granted in this Option are independent of the obligations of Grantor under and with respect to the Transaction, and such obligations with respect to the option shall remain valid and binding notwithstanding the failure of performance of, or any breach by Grantor with respect to its obligations pursuant to the Transaction.

The Parties, by their duly authorized agents, have executed this Option on the dates opposite their signatures below but effective as of the date hereof.

Dated: November 17, 2012

**GRANTOR:**

**Lexington Logistics, LLC, a Delaware limited liability company**

By: John Fernando
Its: President

Dated: November 17, 2012

**BOSTON:**

**Boston Finance Group, LLC, a Florida limited liability company**

By: Jonathan Golden
Its: Authorized Agent